UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>CONTRERAS,<br><br>        Defendant. | Case No. 15-cr-00256-SI-1<br><br>**ORDER DENYING MOTION TO STAY DEPORTATION**<br><br>Re: Dkt. No. 59 |

Defendant Aldo Martinez Contreras ("Contreras") was deported in 2005 after serving a sentence for a crime that resulted in mandatory deportation. He reentered the United States and, years later, was charged in this case with a single count of illegal reentry following removal, 8 U.S.C. § 1326. On March 18, 2016, Contreras pled guilty. Dkt. Nos. 46-47. The Court sentenced defendant to 28 months in prison and entered judgment accordingly. Dkt. No. 54.

On April 17, 2017, Contreras filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Dkt. No. 55. In brief, Contreras claims ineffective assistance of counsel in connection with the California state conviction that led to his initial deportation in 2005. Contreras alleges that his counsel in state court failed to adequately inform him of the mandatory deportation that would follow his prison sentence in that case. He alleges that this rendered his 2001 no contest plea "involuntary." The government will oppose Contreras's § 2255 motion in the coming weeks. Dkt. No. 58.

On May 8, 2017, Contreras filed a motion to stay deportation and to be released pending resolution of his § 2255 motion. Dkt. No. 59. The government opposes the motion. Dkt. No. 61. As set forth below, the Court DENIES Contreras's motion to stay.

The government contends that the Court lacks jurisdiction to order a stay of Contreras's deportation. The Court disagrees. Courts in this District have found that a stay of deportation

constitutes a review of a final order of removal. *See Ma v. Holder*, 860 F. Supp. 2d 1048, 1060-62 (N.D. Cal. 2012); *Arce v. Holder*, No. 12-4063-WHA, 2012 WL 3276994, at *2 (N.D. Cal. Aug. 9, 2012). Under 8 U.S.C. § 1252(a)(5), (g), district courts are divested of their jurisdiction to review final orders of removal. *See Ma*, 860 F. Supp. 2d at 1060-62; *Arce*, 2012 WL 3276994, at *2.* However, Contreras's motion to stay comes in the context of a constitutional challenge to a plea agreement. To be sure, Contreras's plea of no contest in 2001 eventually led to an order of removal. But here the Court is not tasked with reviewing the merits of a final order of removal, such as would trigger the jurisdiction-stripping provisions of the REAL ID Act. *See Jimenez v. Napolitano*, No. 12-3558-RMW, 2012 WL 3144026, at *4 (N.D. Cal. Aug. 1, 2012) (finding REAL ID Act did not deprive court of jurisdiction to hear underlying ineffective assistance claim because petitioner's claim did not challenge the merits of final order of removal); *Singh v. Gonzalez*, 499 F.3d 969, 979-80 (9th Cir. 2007). Instead, Contreras's § 2255 motion asks the Court to consider constitutional claims with regard to his 2001 no contest plea. Consistent with the reasoning in *Jimenez*, the Court finds that it has jurisdiction to decide Contreras's motion to stay.

Turning to the merits of defendant's motion to stay, the Court may only order a stay upon a finding that defendant probably faces irreparable harm and that defendant has shown "either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Jimenez v. Napolitano*, No. 12-3558-RMW, 2012 WL 3144026, at *2 (N.D. Cal. Aug. 1, 2012) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011)). Here, even assuming that Contreras faces irreparable harm, at this time he has presented neither "a strong likelihood of success on the merits" nor "a substantial case on the merits."

Contreras's § 2255 motion focuses on alleged impropriety surrounding his no contest plea to criminal charges in Napa Superior Court some fifteen years before this Court sentenced him for illegal reentry.[1] As the Court understands Contreras's claim, he might not have pled no contest in

---

[1] At this time, the Court will not reach the issue of whether it is appropriate for defendant to seek relief under 28 U.S.C. § 2255 where he only challenges a state court conviction that led to his 2005 removal, upon which the reentry charge in this case was predicated.

2

2001 had he known he would be deported after serving his sentence. However, Contreras admits that his attorney told him he might lose his status as a lawful permanent resident during those proceedings. *See* Dkt. No. 55 at 16 ¶ 6.[2] He further admits that his plea agreement stated that his no contest plea could result in deportation. *Id.* at 17 ¶ 12, 20 ¶ 20; *cf. Lee v. United States*, No. 16-327, 2017 WL 2694701, at *9 (U.S. June 23, 2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."). On this record, the Court cannot say that Contreras has presented a substantial case on the merits.

For the reasons set forth above, the Court hereby DENIES defendant's motion to stay. The Court reserves ruling on defendant's § 2255 motion until briefing is completed.

This order resolves Dkt. No. 59.

**IT IS SO ORDERED**.

Dated: June 27, 2017

SUSAN ILLSTON
United States District Judge

---

[2] Unless otherwise noted, pinpoint citations are to ECF-generated page numbers.

3