UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALDO MARTINEZ CONTRERAS,<br><br>    Defendant. | Case No. 17-cv-02149-SI<br>Case No. 15-cr-00256<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>Re: Dkt No. 55 |

Defendant Aldo Martinez Contreras ("Defendant") filed this *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, defendant's motion is DENIED.

**BACKGROUND**

Defendant is a citizen of Mexico. Dkt. No. 48. In 2001, defendant was convicted in Napa County, California of two counts of violating Cal. Pen. Code § 261(a)(3) (rape where a person is prevented from resisting by intoxication or anesthetic substance, or any controlled substance, and this condition was known, or reasonably should have been known to the accused). *Id*. Defendant pled no contest and was sentenced to eight years in prison. *Id*. On October 4, 2004, defendant was released on parole, and on May 4, 2005, defendant was deported to Mexico. Dkt. Nos. 48, 66. Defendant later reentered the United States without authorization. On April 23, 2015, defendant was detained by U.S. Immigration and Customs Enforcement (ICE) agents in Napa County. *Id.* Defendant was subsequently charged with illegal reentry in violation of 8 U.S.C. § 1326. *Id*.

On March 18, 2016, defendant pled guilty to the charge of illegal reentry. Dkt. Nos. 46-47. The government recommended a sentencing range of 41-51 months under the United States

United States District Court
Northern District of California

1 Sentencing Guidelines (USSG). Dkt. Nos. 48, 50. The range was based on a 16-level enhancement under USSG 2L1.2(b)(1)(A) for defendant's 2001 state conviction involving an aggravated felony. Dkt. Nos. 48, 50. Defendant requested a sentence of 24 months. Dkt. No. 49. This Court sentenced defendant to 28 months in prison. Dkt. No. 54. Defendant did not file a direct appeal.

On April 17, 2017, defendant filed the present *pro se* motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel in connection with his 2001 state conviction, which was the basis for his federal conviction. Dkt. No. 55. The government opposed defendant's motion on the grounds that: (1) the claim is untimely; (2) defendant waived the right to bring such a claim when he made an unconditional guilty plea; (3) defendant's motion does not state a cognizable claim for relief; and (4) defendant's motion should also be denied on the merits. Dkt. No. 66. Defendant did not file a reply.

**LEGAL STANDARD**

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. 28 U.S.C. § 2255(a). Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* § 2255(a). If the court finds that relief is warranted under section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner[, ] resentence him[, ] grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

In his section 2255 motion, defendant seeks to vacate his federal conviction on the grounds that it was predicated on his state conviction from 2001, which he alleges was unconstitutional. Dkt. No. 55.[1] Defendant claims that counsel in his state court case was ineffective for failing to advise him of the immigration consequences of his plea. *Id*. Defendant alleges this rendered his 2001 no contest plea "involuntary." *Id*.

The government argues defendant is not entitled to relief for four reasons. First, the government argues defendant's claim is procedurally barred as it is untimely. Dkt. No. 66. Second, the government argues defendant waived the right to bring this claim when he entered an unconditional guilty plea in his federal case. *Id*. Third, defendant's motion does not state a cognizable claim for relief because the claim is barred by the Supreme Court's decision in *Daniels v. United States,* 532 U.S. 374, 382 (2001). *Id*. Lastly, even if the Court were to reach the merits of defendant's claim, the claim should be denied as defendant has not provided evidence that his state case plea would have been different if he had known of the immigration consequences. *Id*. The Court declines to reach the government's last argument because it agrees that defendant waived the right to bring the present claim, and the claim is nonetheless barred by the Supreme Court's decision in *Daniels*. For the reasons set forth below, the Court DENIES defendant's motion.

**I. Timeliness**

As an initial matter, the Court finds that defendant's motion is timely. Title 28 U.S.C. § 2255(f) sets a one-year limitation period to file a motion for relief under the statute. This period runs from:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by

---

[1] It is not entirely clear from defendant's motion whether he is only arguing that his state conviction is unconstitutional or he is arguing that his federal conviction is unconstitutional because it is predicated on an unconstitutional state conviction. The Court will assume that defendant is arguing the latter since a section 2255 motion can only be used to attack a federal conviction, not a state conviction.

3

> governmental action in violation of [federal law] is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(f)(4).

Here, the judgment in defendant's federal case became final on June 21, 2016, and defendant filed this motion on April 17, 2017.[2] Dkt. Nos. 54, 55. Accordingly, the Court finds that defendant's motion is timely as defendant filed his motion within one year of the final judgment.

## II. Waiver

The Court finds defendant waived the right to bring the present claim when he pleaded guilty in his federal case because he did not raise a jurisdictional or involuntary plea claim. The government argues that defendant waived the right to challenge any constitutional errors that occurred prior to his guilty plea. The Supreme Court has declared:

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[I]t is well-settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005) (citations omitted); *see also U.S. v. Brizan*, 709 F.3d 864, 867 (9th Cir. 2013).

In the present case, defendant does not make a jurisdictional claim. Instead, defendant claims his constitutional rights were violated. Defendant's sole argument is that counsel in his

---

[2] In its opposition, the government calculates the timeliness of defendant's motion using the date of the state court judgment. Because this Court is assuming defendant is challenging his underlying federal conviction, the statute of limitations should be calculated from the date of the federal court judgment.

4

1  state case provided ineffective assistance of counsel in failing to advise him of the immigration consequences of his no contest plea. However, defendant does not challenge the voluntariness of the plea in his federal case nor does he allege that his federal counsel was ineffective. Furthermore, there is nothing in the record to suggest that the plea in defendant's federal case was not knowingly and voluntarily made. Accordingly, because defendant does not raise a jurisdictional claim or a claim that the plea in his federal case was involuntary, the Court finds defendant waived the right to bring the present claim when he pled guilty in his federal case.

### III. Collateral Attack on Prior State Conviction

Even if the Court were to find defendant did not waive the present claim, the claim is nonetheless barred by the Supreme Court's decision in *Daniels v. United States,* 532 U.S. 374 (2001).[3] The Supreme Court has made clear that a defendant cannot collaterally challenge an expired state conviction in federal court by a section 2255 motion . *See id.* at 382 (prohibiting collateral attack on prior state conviction in 28 U.S.C. § 2255 proceeding); *see also Custis v. United States,* 511 U.S. 485, 497 (1994) (prohibiting collateral attack on prior state conviction at federal sentencing proceeding).

In *Daniels*, the defendant was convicted of being a felon in possession of a firearm, and his federal sentence was enhanced pursuant to the Armed Career Criminal Act of 1984 (the "ACCA") due to prior state convictions. *Daniels*, 532 U.S. at 374. After sentencing, Daniels sought to vacate, set aside, or correct his federal sentence pursuant to a section 2255 motion. *Id*. Daniels argued that the federal sentence violated the Constitution because it was based on prior state convictions that were themselves unconstitutional.[4] *Id*. The Court disagreed, holding that a

---

[3] It is immaterial whether defendant is arguing that his federal sentence is unconstitutional because it was enhanced based on his state conviction or that his state conviction was an element of the federal crime of illegal reentry. *See United States v. Gutierrez-Cervantez*, 132 F.3d 460, 462 (9th. Cir. 1997) ("[T]he distinction between sentencing enhancements and elements of the crime is irrelevant for purposes of determining when the Constitution allows collateral attack on prior convictions.").

[4] The defendant claimed that his prior state convictions were based on inadequate guilty pleas and one was the product of ineffective assistance of counsel. *Daniels*, 532 U.S. at 374.

defendant cannot use a section 2255 motion to collaterally attack prior state convictions used to enhance a federal sentence. *Id*. at 382. The Court stated that "if, by the time of [federal] sentencing . . . , a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance a federal sentence. . . ." *Id*. (citing *Custis*, 511 U.S. at 497). The Court further stated that "[t]his rule is subject to only one exception: If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings." *Id.* (citing *Custis*, 511 U.S. at 493-97).

Here, as in *Daniels*, defendant claims that his state court conviction was unconstitutional because counsel in his state case provided ineffective assistance in violation of the Sixth Amendment. Dkt. No. 55. Defendant is making a claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding counsel ineffective if his or her performance is deficient and the deficient performance prejudiced the defense). However, the sole exception the Supreme Court noted for challenging a prior state conviction was a claim based on *Gideon v. Wainwright*, 372 U.S. 335, 339-40 (1963) (holding states must provide counsel to criminal defendants who are unable to afford an attorney). Thus, because defendant had counsel at his state court criminal proceedings, even if counsel was in fact ineffective, he is precluded from attacking his state conviction through a section 2255 motion.

The Court in *Daniels* reasoned that its decision was supported by two considerations: the ease of administration and the interest in promoting the finality of judgments. *Daniels*, 532 U.S. at 378.

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in post-conviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 . . . These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.

*Id*. at 381. In defendant's case, he had the opportunity to challenge his state conviction in the

proper forum and made no effort to do so. Having bypassed these procedures, defendant cannot, some 15 years later, attack his state conviction in federal court proceedings under section 2255. *See id*. at 382.

The *Daniels* Court did, however, leave open the possibility that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." 532 U.S. at 383. The Court noted that those situations may arise when: (1) newly discovered evidence shows that the defendant is actually innocent; or (2) where a petition for post-conviction relief was untimely due to an impediment created by government action. *Id*. at 384. This case does not fall under either of these limited exceptions. Defendant makes no claim that he is actually innocent of the state court conviction. Additionally, since defendant did not seek post-conviction relief for his state conviction, the second exception does not apply. Accordingly, defendant's motion fails to state a cognizable claim for relief.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendant's section 2255 motion.

**IT IS SO ORDERED**.

Dated: May 31, 2018

SUSAN ILLSTON
United States District Judge